J. Kevin Bird (3992)
BIRD & FUGAL
Attorneys for Trustee
Lincoln Square
384 East 720 South #201
Orem, Utah 84058
(801) 426-4700

* * * * * * *

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * *

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. 11-30694-RKM |
| **RAYMOND E. FOX** | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | MOTION FOR APPROVAL OF |
| | ) | COMPROMISE AGREEMENT |

* * * * * * *

J. Kevin Bird, the duly appointed, qualified and acting trustee of the above-referenced Chapter 7 Bankruptcy proceeding ("Trustee"), hereby moves the Court, pursuant to 11 U.S.C. § 363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving that certain Settlement Agreement by and  between the Trustee, Raymond E. Fox, (the "Debtor"), and DeAnna Fox, (together, the "Parties"). In support hereof, the Trustee states as follows:

1.  The above encaptioned Chapter 7 bankruptcy proceeding was commenced by the filing of a voluntary petition on July 21, 2011.

2.    During the administration of the Case, the Debtor and DeAnna Fox entered into an agreement for the sale of real property located at 140 South Main, Pleasant Grove, Utah, known as "Lot 10, Block 18, Plat "A", Pleasant Grove Survey 03:020:0004. Net proceeds from the sale due to the sellers totaled $2,924.78.

3.    The Debtor's counsel, Robinson, Seiler & Anderson received $570 from the net proceeds from the sale, based on direction from Ms. Fox to Bartlett Title.   The Trustee objected to that disbursement and Robinson, Seiler & Anderson agreed to hold the funds in its client trust account pending further agreement between the Parties regarding the dispute over net proceeds from the sale.

4.    The Trustee asserted that net proceeds from the sale described in Paragraph 3 constituted an asset of the estate and should be paid to the bankruptcy estate.

5.    The Debtor and Ms. Fox has asserted that the proceeds from the sale, based on various legal and factual theories belong to Ms. Fox.

6.    The Parties agreed to the escrow of the balance of the disputed funds in the amount of $2,354.78, to be held by Bartlett Title, pending resolution of the dispute between the Parties.

7.    The Parties have now entered into a global Settlement Agreement, a copy of which is attached hereto and incorporated herein by reference as Exhibit "A".   Pursuant to the Agreement, the Parties have agreed that the net proceeds from the sale would be paid to the Trustee, in satisfaction of all claims which the estate may have against the

Debtor and Mrs. Fox.  The Agreement contains a general release of claims between the Parties.

7.   It is the business judgment of the Trustee that the proposed settlement is in the best interest of all interested parties, and the creditors of this bankruptcy estate. Further, the Trustee believes the settlement to be fair and reasonable to the estate, and to all Parties to the Agreement.

6.   The compromise proposed herein is consistent with the factors set forth in *In re Kopexa Realty Venture Co.*, 213 B.R. 1020 (10th Cir. BAP 1997):

a. **Probable success of Underlying Litigation**.   Although the Trustee believes that he would prevail on the merits of the claims, there is always risk associated with litigation.  Any claims which the Estate might have against the Debtor or his non-filing spouse which require substantial discovery and are believed to have value less than the attorneys fees which would be incurred to investigate and assert them.

b.  **Complexity and Expense of Litigation** .  The expense of any litigation is unknown but believed to exceed the net value of the litigation.

c.  **Difficulty in Collecting Judgment**.   Difficulty of collection of any judgments is unknown.  The settlement funds are held in trust by debtor's counsel and Bartlett Title.

d.  **Best Interest of Creditors**.  The Settlement will provide an immediate distribution to creditors and closing of this case, without the risk and delay of litigation. This factor weighs heavily in favor of approving the settlement.

WHEREFORE, based on the foregoing, the Trustee asks that the Court enter an

Order approving the compromise, as set forth in the Settlement Agreement attached

hereto.

DATED: June 19, 2013

              _ /s/ J. Kevin Bird_
              J. Kevin Bird
              Counsel for the Trustee

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "*Agreement*") is made and effective the ___18th___ day of ___June___, 2013, by and between J. Kevin Bird, in his capacity as the duly appointed, qualified and acting trustee of the chapter 7 bankruptcy estate of Raymond E. Fox, Jr., ("Debtor"), presently pending before the United States Bankruptcy Court for the District of Utah as Case No. 11-30694 RKM [hereinafter "Trustee"], Raymond E. Fox ("Debtor")  and DeAnna Fox ("Ms. "Fox")  (together the "*Parties*").

## RECITALS

1.  On July 21, 2011 the debtor filed a voluntary petition for Relief under Chapter 7 of Title 11 of the United States code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Utah (the "Court"), commencing case number 11-30694 (the "Case").

2.  Upon the filing of the Case, J. Kevin Bird was duly appointed and qualified as the Chapter 7 Trustee and has served in that capacity since the date of his appointment.

3.  During the administration of the Case, the Debtor and DeAnna Fox entered into an agreement for the sale of real property located at 140 South Main, Pleasant Grove, Utah, known as "Lot 10, Block 18, Plat "A", Pleasant Grove Survey 03:020:0004. Net proceeds from the sale due to the sellers totaled $2,924.78.

4.  The Debtor's counsel, Robinson, Seiler & Anderson received $570 from the net proceeds from the sale, based on direction from Ms. Fox to Bartlett Title.  The Trustee objected to that disbursement and Robinson, Seiler & Anderson agreed to hold the funds in its client trust account pending further agreement between the Parties regarding the dispute over net proceeds from the sale.

5.  The Trustee asserted that net proceeds from the sale described in Paragraph 3 constituted an asset of the estate and should be paid to the bankruptcy estate.

6.  The Debtor and Ms. Fox has asserted that the proceeds from the sale, based on various legal and factual theories belong to Ms. Fox.

7.  The Parties agreed to the escrow of the balance of the disputed funds in the amount of $2,354.78, to be held by Bartlett Title, pending resolution of the dispute between the Parties.

7.  The Parties desire to resolve the disputes between them without further legal process or litigation and to facilitate the closing of the Bankruptcy proceeding.



**EXHIBIT**

A

## AGREEMENT

In consideration of the covenants and agreement set forth herein, the Parties agree as follows:

1.     <u>Recitals</u>. The Recitals above are hereby incorporated by reference.

2.     <u>Definitions.</u> For purpose of this Agreement, *"Person(s)"* shall mean any natural person, corporation, partnership, limited liability company, firm, association, trust, government, government agency or other entity or authority, whether acting in an individual, agent, fiduciary, or other capacity.

3.     <u>Payment.</u> The Parties hereby agree to the release of the following funds to the Trustee in final resolution of the dispute between the Parties regarding the sale of the real property: (1) funds held by Bartlett Title, in the amount of $2,354.78; and (2) funds held by Robinson, Seiler & Anderson in the amount of $570. In addition, the Parties have agreed to a general release of all claims between them.

4.     <u>Settlement and Release.</u> This agreement shall be deemed to be a mutual and final release by the Parties of any and all claims, actions, causes of action, or obligations of any kind, which the parties may have against each other, either known or unknown, asserted or unasserted, matured or unmatured.

5.     <u>Bankruptcy Court Approval.</u> The Parties hereby acknowledge and agree that this Agreement is specifically subject to approval by the Bankruptcy Court, after notice to creditors and other parties in interest entitled to such notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Trustee agrees to promptly seek such approval, by the filing of a motion for approval of this Agreement.

6.     <u>Entire Agreement</u>. This Agreement and any exhibits attached hereto represent the sole and entire agreement between the Parties and supersede all prior agreements, negotiations, and discussions between the Parties hereto and/or their respective counsel with respect to the subject matter covered hereby.

7.     <u>Enforcement of Agreement</u>. If any Party to this Agreement brings an action or proceeding to enforce its rights hereunder, the prevailing party shall be entitled to recover its costs and expenses, including court costs and attorneys' fees, if any, incurred in connection with such action or proceeding.

8.     <u>Successors and Assigns</u>. This Agreement shall be binding on, and shall inure to the benefit of, the Parties hereto and their respective successors and assigns.

9.     <u>Choice of Law; Jurisdiction and Venue</u>. This Agreement shall be construed and interpreted in accordance with the laws of the State of Utah and the United States Bankruptcy Code. Further, the Parties hereby expressly agree that any

2

dispute involving this Agreement or the matters herein shall have exclusive jurisdiction and venue in the Bankruptcy Court for the District of Utah. The Bankruptcy Court shall retain exclusive jurisdiction to adjudicate any controversy, dispute, or claim arising out of or in connection with this Agreement, or the breach, termination or validity hereof.

10. <u>Non-waiver and Severability</u>. In the event that any provision in or obligation under this Agreement shall be invalid, illegal, or unenforceable in this jurisdiction, the validity, legality, or enforceability of other provisions in or obligations under this Agreement shall not in any way be affected or impaired thereby. Further, Waiver of performance of any provision shall not be a waiver of nor prejudice the party's right otherwise to require performance of the same provision or any other provision of this Agreement.

IN WITNESS WHEREOF, this Agreement is dated as of the date first above written.

_____
J. Kevin Bird, Trustee

_____
Raymond E. Fox, Jr., Debtor

_____
DeAnna Fox,

_____
Morgan Fife, for and on behalf of:
Robinson, Seiler & Anderson, LC
Counsel for Debtor

3

**CERTIFICATE OF SERVICE—BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on June 20, 2013, I electronically filed the foregoing Motion

with the United States Bankruptcy Court for the District of Utah by using the CM/ECF

system. I further certify that the parties of record in this case, as identified below, are

registered CM/ECF users and will be served through the CM/ECF system.

- J. Kevin Bird    jkevinbird@birdfugal.com
- J. Kevin Bird tr    jkevinbird@birdfugal.com,
  kbird@ecf.epiqsystems.com;kbtrustee@aol.com;melanie@birdfugal.com
- Morgan T Fife    mfife@rsalawyers.com, emcarthur@rsalawyers.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**CERTIFICATE OF SERVICE—MAIL**

I hereby certify that on June 20, 2013, I caused to be served a true and correct

copy of the foregoing Motion as follows:

Mail Service: By regular first class United States mail, postage fully pre-paid,

addressed to:

RAYMOND E. FOX, JR.
DEANNA FOX
103 SOUTH 1900 WEST, #T-3
LEHI, UT  84043

/s/ Melanie Valderama